

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-1-2007

# USA v. Grieser

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5263

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Grieser" (2007). *2007 Decisions.* Paper 1692.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1692

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-5263
_____

UNITED STATES OF AMERICA

v.

GARY GRIESER,

Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 01-cr-00648)
District Judge: Honorable John C. Lifland
_____

Submitted Under Third Circuit LAR 34.1(a)
on January 9, 2007

Before:  SLOVITER AND RENDELL, Circuit Judges,
and RUFE*, District Judge.

(Filed:  February 1, 2007)
_____

OPINION OF THE COURT
_____

_____

    *  Honorable Cynthia M. Rufe, Judge of the United States District Court for the
    Eastern District of Pennsylvania, sitting by designation.

RUFE, District Judge.

Appellant Gary Grieser was indicted, convicted, and sentenced, on two different occasions, for acts related to a single pattern of criminal fraud. He was first sentenced to a term of 57 months imprisonment after pleading guilty to all counts in an 18-count indictment. Several years later, while serving this sentence, he was sentenced to a second term of 57 months imprisonment, after pleading guilty to three counts of a subsequent indictment based on additional acts arising out of the same course of criminal conduct. The issue before the Court is whether the District Court, in imposing the second sentence to run partially consecutive to the first, acted reasonably. Because the Court finds that it did, we will affirm its decision.

## I.

Between 1995 and 1997, Appellant Gary Grieser engaged in a conspiracy to amass a large residential real-estate portfolio through fraudulent means. Grieser and his co-conspirators eventually acquired over 240 rental properties in Northern New Jersey through fraud, which they intended to package in a real-estate investment trust and market on Wall Street. Investigative reporters at The Asbury Park Press exposed their scheme. Once alerted to this conduct, federal authorities investigated Grieser.

Grieser's scheme principally involved acquiring property with fraudulent credit, or with credit belonging to third parties. For example, between 1995 and 1996, Grieser obtained mortgage loans on 12 properties using his five-year-old son's Social Security number. All of these loans went into default. This fraud was found to cause approximately $1.5 million in damages to the victims, who were mortgage banks. App. at

2

238.  At about the same time, Grieser also recruited "investors," who had each agreed to contribute $1,000 to Grieser's real-estate ventures.  Unbeknownst to them, these "investors" became Grieser's straw buyers in whose names he purchased the other 230 properties.  Grieser, however, controlled the properties and captured all the rental income.  Grieser eventually defaulted on each of these loans, leaving the straw buyers legally responsible for the mortgage loans.  This part of the fraud was determined to have caused over $3 million in damage to the victims.  Id. at 239.

The government filed two indictments against Grieser predicated on this pattern of conduct.  The first, filed on June 11, 1999, was based on the criminal activity surrounding the first 12 properties, and contained counts of wire fraud (Count 1); mail fraud (Count 2); misuse of Social Security number (Counts 4–15); bank fraud (Count 16); and two counts of obstruction of justice (Counts 17 and 18).  The obstruction-of-justice counts arose out of Grieser's attempt to hide financial statements and other relevant documents from the grand jury, and from Grieser urging a witness to lie to the grand jury.  Grieser pleaded guilty to all counts before U.S. District Judge Alfred M. Wolin in this first indictment, and Judge Wolin sentenced Grieser to 57 months imprisonment and to other sanctions.  Grieser did not appeal this sentence.

On February 7, 2002, the government filed a second indictment against Grieser based on the criminal activity surrounding the other 230 properties.[1]  Grieser pleaded

---

[1]  The reason for splitting the proceeding into two indictments is a matter of prosecutorial strategy.  At the resentencing hearing, defense counsel conceded,

guilty to three counts of this 30-count indictment: conspiracy to commit wire fraud (Count 1); money laundering (Count 28); and income-tax evasion (Count 30).  Grieser then appeared before U.S. District Judge John C. Lifland on June 3, 2004, for sentencing.

In its Presentence Investigation Report ("PSR"), the U.S. Probation Office recommended that the District Court apply a total offense level of 25, and a criminal-history category of IV, resulting in a Guidelines range of 84 to 105 months imprisonment. At the sentencing hearing, held on June 3, 2004, the District Court then heard extensive oral argument from the parties on these recommendations.

The District Court first ruled, over the government's objection, that Grieser's entire pattern of fraudulent conduct constituted a single "common scheme or plan," and therefore rejected Probation's recommendation that Grieser's first conviction be considered a prior sentence for purposes of calculating Grieser's criminal-history category.[2]  App. at 124.  The District Court found that because Grieser and his co-conspirators purchased all of the properties in the same general locale, over a single period of time, and with the united goal of selling them as a single real-estate investment

> I don't dispute that they have the right to do that, and I find nothing improper about it.  And I can see a strategic reason that they would do it, because they took the simplest charges first and I think they were hoping that Mr. Grieser would cooperate and when he didn't, they took the harder-to-prove scheme and put it all together.

App. at 222.

[2]  U.S.S.G. § 4A1.1(a) directs the sentencing court to "[a]dd 3 points for each prior sentence of imprisonment exceeding one year and one month."

4

trust, the acts constituted a single course of criminal conduct. Accordingly, the District Court subtracted 3 points from Probation's recommended criminal-history points, and amended the PSR to reflect a criminal-history category of III.

The District Court next ruled, again over the government's objection, that Counts 1 (conspiracy to commit wire fraud) and 28 (money laundering) should be grouped together as closely-related counts for purposes of calculating Grieser's offense level. App. at 156. The court accepted Grieser's argument that the counts should be grouped under U.S.S.G. § 3D1.2, which requires the sentencing court to group together "counts involving substantially the same harm."[3] Applying this grouping, the District Court deducted two points from the recommended offense level, further amending the PSR to reflect a total offense level of 23. App. at 56.

Applying these calculations, the District Court found that Grieser was exposed to a Guidelines range of 57 to 71 months imprisonment. Ultimately, the court imposed a sentence of 57 months custody, 35 months to run concurrently with his first term of imprisonment, and 22 months to be served consecutive to his first term. App. at 173. Grieser filed a timely appeal of this sentence.

---

[3] Grieser's criminal fraud falls under U.S.S.G. § 2F1.1, which keys the offense level to the amount of monetary damage caused. Therefore, the District Court applied U.S.S.G. § 3D1.2(d), which includes both fraud and money laundering on a list of specific offenses to be grouped when "the offense level is determined largely on the basis of the total amount of harm or loss."

5

This Court summarily vacated the sentence and remanded the case for resentencing in light of the U.S. Supreme Court's decision in <u>United States v. Booker</u>, 543 U.S. 220 (2005). App. at 203. At the resentencing proceedings,[4] held on September 26 and 30, 2005, the District Court revisited the Guideline calculations established at the previous sentencing hearing.

Grieser raised a new objection to the court's offense-level calculation, namely, that the District Court should have grouped the obstruction-of-justice convictions when calculating Grieser's total offense level. Although the District Court had determined that the conduct supporting the first fraud convictions was relevant conduct to calculate Grieser's offense level for the instant fraud charges, finding that the charges were part of a common scheme or plan, the court also found that the conduct supporting his obstruction-of-justice convictions was not. Grieser argued that the sentencing judge was "obligated . . . to pull them [all] together and include them as relevant conduct." App. at 238. The court disagreed, stating that "I do not believe that the obstruction of justice counts are relevant conduct, and therefore, as you put it, must be taken into account by me [in calculating the offense level]." <u>Id.</u> at 241.

Next, Grieser argued that the District Court should have imposed the 57-month sentence to run fully concurrently with the previous sentence. He based his argument on U.S.S.G. § 5G1.3(b), which provides that "if . . . the undischarged term of imprisonment

---

[4] The Court notes that Grieser waived his presence at all of the resentencing hearings.

resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment."[5]  The District Court rejected this argument, restating that because he had not taken the obstruction charges into account when calculating the offense level, § 5G1.3(b) did not apply.  App. at 275.  The District Court justified the partially consecutive sentence based on U.S.S.G. § 5G1.3(c), which provides that "[i]n any other case, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense."

The District Court imposed its sentence at the final sentencing proceeding on November 30, 2005.  After reviewing several of the sentencing factors under 18 U.S.C. § 3553(a), the District Court noted that "[t]he loss in my case was more than twice the size of the loss in Judge Wolin's case," App. at 282; that "[t]here are many, many more victims in my case than there were in Judge Wolin's case," id.; that it had sentenced Grieser to the bottom of his Guideline range, id.; and finally, that the partially-concurrent sentence "promotes respect for the law" by not giving Grieser a "free ride" on what it considered to be the more severe portion of the overall fraud, id. at 283.  The court then reimposed the same fifty-seven-month sentence, and Grieser herein appeals that decision.

---

[5]  The District Court applied the 1997 version of the U.S. Sentencing Guidelines, and all parties agree that this was the correct version to apply under the circumstances.

## II.

After Booker, for a sentence to be reasonable, "[t]he record must demonstrate the trial court gave meaningful consideration to the § 3553(a) factors," which include the range suggested by the sentencing Guidelines.[6] United States v. Cooper, 437 F.3d 324, 329 (3d Cir. 2006). We therefore consider whether the District Court gave "meaningful consideration" to "any sentencing grounds properly raised by the parties which have recognized legal merit and factual support in the record." Id. at 329, 332 (internal citations omitted). "[T]here are no magic words that the district judge must invoke when sentencing," however, and the District Court need not mechanically state by rote that it has considered each of the factors when imposing a sentence. Id. at 332. Finally, we

---

[6] Under 18 U.S.C. § 3553(a), the relevant factors to be considered in imposing a sentence include:

    (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

    (2) the need for the sentence imposed–

        (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

        (B) to afford adequate deterrence to criminal conduct;

        (C) to protect the public from further crimes of the defendant; and

        (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

    (3) the kinds of sentences available;

    (4) the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . ;

    (5) any pertinent policy statement . . . ;

    (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

    (7) the need to provide restitution to any victims of the offense.

consider whether the District Court "reasonably applied [the § 3553(a) factors] to the circumstances of the case." Id. at 330. We apply a "deferential standard" in reviewing the District Court's application of the § 3553(a) factors, "[t]he trial court being in the best position to determine the appropriate sentence in light of the particular circumstances of the case," and must affirm where the District Court issued a sentence "for reasons that are logical and consistent with the factors set forth in section 3553(a)." Id. The party that challenges the sentence has the burden of proving that it is unreasonable. Id. at 332.

Applying this framework, the Court concludes that the District Court's resentencing decision was reasonable. The District Court engaged in a thorough process, over no fewer than four in-court proceedings, in which it reviewed each of the § 3553(a) sentencing factors relevant to the circumstances of this case, including an exhaustive analysis of the sentencing guidelines.

As described above, the sentencing court relied on the fact that the conduct supporting the second indictment included "many more victims" than the first. This, of course, refers to the straw buyers whom Grieser had actively recruited to become unwitting owners of the defaulted loans. See 18 U.S.C. § 3553(a)(1) (court must consider nature and circumstances of the offense). The sentencing judge also noted that the fraud in the second indictment caused over $3 million in damages to the victims, which would remain unredressed absent additional punishment. Next, the sentencing court was plainly concerned that without adding this additional punishment for the second conviction, Grieser would appear to get a "free ride" for the more egregious aspect of his criminal

9

conduct. App. at 281. The District Court stated that imposing this additional term of imprisonment "promotes respect for the law." 18 U.S.C. § 3553(a)(2)(A) (sentence should promote respect for the law). The court also acknowledged that it had given "a careful consideration of the guidelines," and that the resulting guidelines sentence "suggests that the punishment is just." App. at 284; see 18 U.S.C. § 3553(a)(2)(A) (sentence should provide just punishment). See also 18 U.S.C. § 3553(a)(4) (sentencing court should consider the sentencing range established for the offense as set forth in the Guidelines).

The district judge also noted, "I sentenced at the bottom of the guideline range. Had I sentenced at the top of the guideline range, . . . the sentence would have been 14 months longer. And the difference between the 22-month disparity that the defendant complains of would only be eight months." App. at 283. This substantially weakens Grieser's contention of unreasonableness, and also demonstrates that the District Court considered "the kinds of sentences available." 18 U.S.C. § 3553(a)(3).

Grieser also contends that the partially-concurrent sentence resulted from a misapplication of U.S.S.G. § 5G1.3(b), which mandates a fully concurrent sentence. First, § 5G1.3(b) is no longer binding law. United States v. Booker, 543 U.S. 220, 264 (2005). Second, even if it were binding, the district judge properly applied it, because he did not fully take into account the conduct which supported Grieser's first term of imprisonment when calculating the offense level for the instant case. This Court agrees with the district judge, who noted that "it is quite clear that the obstruction of justice

10

aspect of Judge Wolin's case and his sentence has not been fully taken into account by me in the determination of the offense level in this case." App. at 274. Under the Guidelines, the District Court was free to impose the partially-concurrent sentence as a discretionary matter under U.S.S.G. § 5G1.3(c).

## III.

Therefore, because the District Court thoroughly reviewed the facts and law surrounding this case, carefully applied the advisory U.S. Sentencing Guidelines, and substantially considered the sentencing factors in 18 U.S.C. § 3553(a), this Court is satisfied that the sentence imposed was not unreasonable.

Accordingly, we will AFFIRM the Judgment and Commitment Order of the District Court.

_____